# EXHIBIT B

F:\ALA\PLDG\7464-004.complaintFADDOUL.docx

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**04/03/2017** at 02:02:48 PM
Clerk of the Superior Court
By Jeanette Torres-Mendoza, Deputy Clerk

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

Moses Lebovits, State Bar No. 66552
Ashley L. Arnett, State Bar No. 299137

THE WEST LAW FIRM
1600 HIGHWAY SIX, SUITE 450
SUGAR LAND, TEXAS 77448
TELEPHONE (281) 277-1500
FACSIMILE (281) 277-1505

S. Scott West, Texas Bar No. 21206920

Attorneys For Plaintiff LACY FADDOUL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| LACY FADDOUL,<br><br>Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.; AUDI SOUTH COAST; AND DOES 1-100, INCLUSIVE<br><br>Defendants. | Case No. 30-2017-00912409-CU-BC-CJC<br>Judge Derek W. Hunt<br><br>COMPLAINT FOR DAMAGES BASED ON:<br>1. RECISSION<br>2. RESTITUTION<br>3. BREACH OF CONTRACT<br>4. FRAUD<br>5. BREACH OF IMPLIED WARRANTIES IN VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT<br>6. VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT<br>7. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW |

Plaintiff LACY FADDOUL, alleges the following against VOLKSWAGEN GROUP OF AMERICA, INC. and AUDI SOUTH COAST (collectively referred to hereinafter as "VOLKSWAGEN" or "DEFENDANTS"):

1

COMPLAINT FOR DAMAGES

# I.

# INTRODUCTION

1. For years, VOLKSWAGEN has admittedly been selling vehicles which were fitted with software capable of cheating and defeating the purpose of emissions tests ("defeating software" or "defeating defect"). This software, present in many if not most 2009-2015 model year Volkswagen vehicles equipped with a 2.0 Liter TDI Clean Diesel Engine ("Subject vehicles") allowed emissions tests to be easily manipulated and produce results that underestimate the real level of pollution produced by normal driving. Vehicle models subject to this defect have the EA189 engine and include, but are not limited to, 2009-2015 Jettas, Golfs, Passats, Jetta Sportswagens and 2012-2015 Beetle/Beetle Convertibles and Audi A3s.

2. Beginning at least as early as 2007, VOLKSWAGEN knowingly manufactured and sold vehicles fitted with defeating software which deactivated emissions control systems with the purpose of either enhancing the effectiveness of these systems during emissions testing or reducing the effectiveness of these systems under normal vehicle operation and use. This sophisticated software activated emissions controls, which reduce power, only when a vehicle is being tested in the laboratory, allowing vehicles to pass strict emission tests they would not have otherwise passed, and in fact did not when in actual driving conditions. The defeating software algorithm on these vehicles detects when the car is undergoing official emissions testing, and turns full emissions controls on only during the testing. The effectiveness of these vehicles' pollution emission control devices is greatly reduced during normal driving situations. This results in cars that meet emission standards in the laboratory or test situations, but during normal operation, emit nitrogen oxides, or NOx, at up to 40 times the standard. VOLKSWAGEN's duplicitous scheme has been to intentionally install the software, to intentionally conceal it, to spend far more money marketing the vehicles than trying to solve high emission problems, and to foist more and more of these polluting vehicles into the stream of commerce. VOLKSWAGEN did this because failed emission testing is a fundamental problem, for which there is no easy or inexpensive fix. Rather than halt sales until it genuinely fixed this problem, VOLKSWAGEN placed profits over environmental and other consumer concerns and chose to continue selling these products to the

2

COMPLAINT FOR DAMAGES

consumers, including the Plaintiff herein, who paid full price without having any knowledge of this fundamental problem.

3. Thus, this case is based on a few very simple facts: (1) hundreds of thousands of consumers purchased VOLKSWAGEN vehicles fitted with software capable of cheating emissions tests; (2) VOLKSWAGEN failed to disclose the presence of this software, and actually took affirmative steps to hide it and mislead the public about it; and (3) as a result millions of consumers bought subject vehicles they otherwise would not have purchased. This action is brought on behalf of Plaintiff against Volkswagen to redress Defendant's fraudulent conduct and violations of Song-Beverly Consumer Warranty Act, Violation of the Consumers Legal Remedies Act ("CLRA") and Violation of California Unfair Competition Law.

## II.

## PARTIES

4. Plaintiff LACY FADDOUL is and at all times relevant to this Complaint was a citizens and residents of Orange County, California. In or about 2015, Plaintiff purchased a 2016 Audi QS TDI, VIN # WA1DVAFP9GA022204, which is the subject of this Complaint from Defendant AUDI SOUTH COAST. The subject vehicle was purchased without knowledge of the defeating software.

5. Defendant VOLKSWAGEN GROUP OF AMERICA, INC., is a California corporation, with its principal place of business at 2200 Ferdinand Porsche Dr., Herndon, Fairfax County, Virginia. At all relevant times, VOLKSWAGEN was engaged in California in the business of marketing, distributing, selling and leasing the VOLKSWAGEN vehicles which is the subject of this Complaint.

6. Defendant, AUDI SOUTH COAST is a California corporation with his principal place of business at 1425 Auto Mall Drive, Santa Ana, California, 92705.

7. Defendants, VOLKSWAGEN GROUP OF AMERICA, INC. and AUDI SOUTH COAST are collectively referred to herein as "VOLKSWAGEN".

8. On information and belief, the following is true of each Defendant, i.e. each named Defendant and each Doe defendant: (a) each was engaged in the business of designing,

3

COMPLAINT FOR DAMAGES

manufacturing, distributing, marketing, selling and leasing the VOLKSWAGEN subject vehicles, including the Jetta that is the subject of this Complaint; (b) each is a wholly owned subsidiary of the same parent company; (c) each is part of a joint enterprise for profit whose business is to design, manufacture, market, distribute, sell and lease VOLKSWAGEN vehicles, including the Jetta that is the subject of the Complaint; (d) each is under common control and management; (e) each is responsible in some manner, either by act or omission, strict fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences and damages herein alleged, and Plaintiff's damages were proximately caused by the conduct of each; (f) each was the agent, servant, employer, joint venture, partner, division, owner, subsidiary, alias, aider and abettor, assignee and/or alter-ego of each of the others and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division ownership, subsidiary, alias, assignment, alter-ego, partnership or employment, with the authority, consent, approval and ratification of each of the other Defendants.

## III.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. The Plaintiff at all times herein mentioned is a resident of Los Angeles County.

10. The Defendants are and at all times herein mentioned were corporations doing business in Orange County.

11. The vehicle, the subject of this action is located in Orange County.

12. Defendants DOES 1 through 100, inclusive, are sued herein under fictitious names, their true names and capacities being unknown to Plaintiff. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon allege that each of the fictitiously names Defendant(s) is/are responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such Defendants conduct.

13. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants, and in doing the things herein after alleged, was acting within

4

COMPLAINT FOR DAMAGES

1  the course and scope of such agency and employment.

2  14. That on or about March , Plaintiff purchased the 2010 Audi A3 2.0T that is
3  the subject of this action. Prior to the closing of sale on April 9, 2010, Defendants owned the
4  property.

5  15. That on or about April 9, 2010, Plaintiff and Defendants entered into a
6  written agreement to purchase the subject vehicle. The Defendants transferred the property to
7  Plaintiff pursuant to the contract.

8  IV.

9  **FIRST CAUSE OF ACTION**

10  **(Rescission)**

11  16. Plaintiff re- alleges and incorporates by reference herein each allegation
12  contained in paragraphs 1 through 15 above as set forth fully herein.

13  17. The parties entered into the agreement as foresaid. Defendants made the
14  representations described herein this Complaint, Defendants knew of the false representation and
15  knew to be false and made them with the intent to induce Plaintiffs to pay monies to Defendants.
16  Specifically, Defendants knew that the subject vehicle would not perform as advertised unless
17  under emission testing conditions.

18  18. Plaintiff believed Defendants' false representation described heretofore to
19  be true and Defendants gave Plaintiff no reason to believe that they were false. Plaintiff has at all
20  times performed all the terms in the contract in the manner specified in the contract.

21  19. Service of the Summons and Complaint constitutes notice of rescission of
22  the contract between Plaintiff and Defendants in offer to restore benefits received as provided in
23  Code of Civil Procedure § 1691.

24  20. As a result of Defendants' false representation, Plaintiff has suffered
25  consequential damages amount according to proof at the time of trial.

26  21. During the acts alleged in this Complaint, Defendants acted with
27  oppression, fraud, malice as defined in Civil Code § 3294 in conscious disregard for Plaintiff's
28  rights and Plaintiff is entitled to punitive damage to make an example of and to punish

5

COMPLAINT FOR DAMAGES

Defendants. In addition, Plaintiff is entitled to damages and other legal and equitable relief including, at Plaintiffs's election, the purchase/lease price of the Vehicles or any diminution in value. Plaintiff is also entitled to costs and attorneys' fees pursuant to Cal. Civ. Code §1794.

## V.

## SECOND CAUSE OF ACTION

### (Restitution)

22. Plaintiff re- alleges and incorporates by reference herein each allegation contained in paragraphs 1 through 21 above as set forth fully herein.

23. Plaintiff requests that the court award restitution of all monies had and received by Defendants, and for any and all monies expended by Plaintiff on the subject vehicle. Furthermore, Plaintiff requests restitution for monies received by Defendants. Restitution is equitable due to the equitable principles of law.

24. During the acts alleged in this Complaint, Defendants acted with oppression, fraud, malice as defined in Civil Code § 3294 in conscious disregard for Plaintiff's rights and Plaintiff is entitled to punitive damage to make an example of and to punish Defendants. In addition, Plaintiff is entitled to monetary damages and other legal and equitable relief including, at Plaintiff's election, the purchase/lease price of the Vehicles or any diminution in value. Plaintiff is also entitled to costs and attorneys' fees pursuant to Cal. Civ. Code §1794.

## VI.

## THIRD CAUSE OF ACTION

### (Breach of Contract)

25. Plaintiff re- alleges and incorporates by reference herein each allegation contained in paragraphs 1 through 24 above as set forth fully herein.

26. Defendants failure and refusal to perform its obligation under the contract constitutes a breach of contract and damages to Plaintiff is in an amount according to proof of damages at the time of trial and are not limited to the following: amounts of money that the Plaintiff spent on the subject vehicle and 10% interest of that amount.

27. Defendants failed to disclose that there were any problems with the subject

vehicle, specifically its emission testing software.

28. As a proximate result of the damage to Plaintiff, Plaintiff seeks an amount of monetary damages to be proven at trial.

## VII.
## FOURTH CAUSE OF ACTION
### (Fraud)

29. Plaintiff re- alleges and incorporates by reference herein each allegation contained in paragraphs 1 through 28 above as set forth fully herein.

30. Defendants made expressed representations that there were no problems with emissions testing software.

31. Said representations were in fact false. The fact is that the software allowed emissions tests to be easily manipulated and produce results that grossly underestimate the real level of pollution produced by the engine under normal driving conditions.

32. Defendants were aware at the time the representations were made, that they were false or they had no reasonable basis to believe that these representations were true.

33. Defendants breached the purchase agreement.

34. Plaintiff requests punitive and exemplary damages against Defendants to punish them for the conduct herein. Defendants' conduct was done willfully, maliciously, oppressively, and in Conscious Disregard of Plaintiff's rights. Plaintiff seeks punitive damages pursuant to the civil codes procedure section 3294.

## VIII.
## FIFTH CAUSE OF ACTION FOR
## BREACH OF IMPLIED WARRANTIES IN VIOLATION OF
## THE SONG-BEVERLY CONSUMER WARRANTY ACT
## (CAL. CIV. CODE SECTION 1790, *ET SEQ.*)

35. Plaintiff re- alleges and incorporates by reference herein each allegation contained in paragraphs 1 through 34 above as set forth fully herein.

36. Plaintiff who purchased the subject vehicle in California is a "buyer" within

7

COMPLAINT FOR DAMAGES

47. Plaintiff engaged in "transactions" under Cal. Civ. Code §1761(e), including the purchase or lease of subject vehicles from Volkswagen.

48. As set forth herein, Volkswagen's acts, policies, and practices undertaken in transactions intended to result and which did result in the sale or lease of subject vehicles, violate sections 1770(a)(5), (a)(7), (a)(9), (a)(14), and (a)(16) of the CLRA in that: (a) Volkswagen represented that its subject vehicles have characteristics, uses, or benefits which they do not have; (b) Volkswagen represented that its subject vehicles are of a particular standard, quality, or grade, but are of another; (c) Volkswagen advertised its subject vehicles with intent not to sell/lease them as advertised; (d) Volkswagen represented that a transaction conferred or involved rights, remedies, or obligations which it did not have or involve; and (e) Volkswagen represented that its subject vehicles were supplied in accordance with a previous representation when they were not.

49. The existence of the defeat device is a material fact. Plaintiff was unaware of the defeat device when Plaintiff purchased the subject vehicle. Consumers value reliability and dependability of automobiles, especially concerning emissions in the subject vehicles. Had they known of the defeat device, Plaintiff would not have purchased the subject vehicle, or would have done so only under significantly different terms.

50. Reasonable consumers expect that subject vehicles, such as "clean diesel" vehicles, possess important characteristics that they in fact did not possess, namely the combination of low emissions, high performance, and high fuel economy.

51. Volkswagen had a duty to disclose the defeat device in subject vehicles for various reasons, including that: (a) the defeat device's existence is contrary to Volkswagen's representations and consumers' expectations; (b) Volkswagen's concealment and/or failure to disclose the defeat device was likely to deceive reasonable consumers; (c) Volkswagen intentional concealment of the defeat device was intended to defraud consumers; and (d) Volkswagen's concealment of the defeat device harmed Plaintiff.

52. As a proximate result of Volkswagen's conduct described above, Plaintiff has suffered harm.

53. Pursuant to the provisions of Cal. Civ. Code §1780, Plaintiff seeks: (a) an

9

COMPLAINT FOR DAMAGES

order enjoining Volkswagen from the unlawful practices described herein, (b) a declaration that Volkswagen's conduct violates the CLRA, and (c) attorneys' fees and costs of litigation.

54. Pursuant to the provisions of Cal. Civ. Code Section 1780, Plaintiff has notified Volkswagen in writing of the CLRA violations and requested that Volkswagen cure the violations. Volkswagen has not complied with Plaintiff's request, and Plaintiff therefore has amended the Complaint to seek monetary damages under the CLRA.

## X.
## SEVENTH CAUSE OF ACTION FOR
## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
## (CAL. BUS. & PROF. CODE SECTION 17200, *ET SEQ.*)

55. Plaintiff re- alleges and incorporates by reference herein each allegation contained in paragraphs 1 through 54 above as set forth fully herein.

56. Volkswagen's acts and practices, as alleged in this Complaint, constitute unlawful, unfair and/or fraudulent business practices, in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq.*

57. The business practices engaged in by Volkswagen that violate the Unfair Competition Law include failing to disclose the defeat device at the point of sale, the point of repair, or otherwise.

58. Volkswagen engaged in unlawful business practices by violating the CLRA; the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*; the TREAD (Transportation Recall Enhancement, Accountability, and Documentation Act) Act, codified at 49 U.S.C. §30101, *et seq.*, by failing to timely disclose the defeat device to NHTSA or consumers; and by engaging in conduct, as alleged herein, that breached implied warranties.

59. Volkswagen engaged in unfair business practices by, among other things: (a) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff; (b) engaging in conduct that undermines or violates the stated policies underlying the CLRA; the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*; the TREAD Act, codified at 49 U.S.C. §30101, *et seq.*, each of which seeks to protect consumers against unfair

business practices and to promote a basic level of honesty and reliability in the marketplace; and (c) engaging in conduct that causes a substantial injury to consumers, not outweighed by any countervailing benefits to consumers or to competition, which the consumers could not have reasonably avoided.

60. Volkswagen engaged in fraudulent business practices by engaging in conduct that was and is likely to deceive consumers acting reasonably under the circumstances.

61. As a direct and proximate result of Volkswagen's unlawful, unfair, and fraudulent business practices as alleged herein, Plaintiff suffered injury-in-fact and lost money or property, in that he purchased subject vehicles they otherwise would not have purchased, and are left with subject vehicles of diminished value and utility because of the incorporation of the defeat device. Meanwhile, Volkswagen has sold more subject vehicles than it otherwise could have and charged inflated prices for them, unjustly enriching itself thereby.

62. Plaintiff is entitled to equitable relief including restitution of all fees, disgorgement of all profits accruing to Volkswagen because of its unfair, fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining Volkswagen from its unfair, fraudulent, and deceitful activity.

## XI.
## PRAYER

1. For special damages according to proof.
2. For general damages according to proof.
3. For punitive damages.
4. Reasonable attorney's fees.
5. An order of restitution to Plaintiff and of such monies as the court seems proper cross Defendants according to proof.
6. A determination from this court that the contracts between Plaintiff and Defendants are rescinded, and are null and void.
7. For rescissionary damages.
8. For costs of suit herein incurred.

11

COMPLAINT FOR DAMAGES

9. For such other and further relief as the court may deem proper.

Date: February 25, 2016

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP

THE WEST LAW FIRM

By: _/s/ Ashley Arnett_
Moses Lebovits
Ashley L. Arnett
S. Scott West
Attorney For Plaintiff LACY FADDOUL

| | | CM-010 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Moses Lebovits, Esq., State Bar No. 66552<br>Ashley L. Arneet, Esq., State Bar No. 299137<br>DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP<br>1801 Century Park East, 9th Floor<br>Los Angeles, California 90067<br>TELEPHONE NO.: 310-556-7900   FAX NO.: 310-556-2807<br>ATTORNEY FOR *(Name):* Plaintiff, Lacy Faddoul | | **FOR COURT USE ONLY**<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**04/03/2017** at 02:02:48 PM<br>Clerk of the Superior Court<br>By Jeanette Torres-Mendoza, Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, 92701<br>BRANCH NAME: Central Justice Center | | |
| CASE NAME: Faddoul vs. Volkswagen Group of America, Inc., et al. | | |
| **CIVIL CASE COVER SHEET**<br>[X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 30-2017-00912409-CU-BC-CJC<br>JUDGE: Judge Derek W. Hunt<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [X] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 7
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 21, 2017

Moses Lebovits, Esq.
(TYPE OR PRINT NAME)                          ► _____
                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit B, Page 28

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                            CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)—Personal Injury/Property Damage/Wrongful Death
   Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/ Wrongful Death
   Product Liability *(not asbestos or toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice– Physicians & Surgeons
      Other Professional Health Care Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip and fall)
      Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
      Intentional Infliction of Emotional Distress
      Negligent Infliction of Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business Practice (07)
   Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
   Defamation (e.g., slander, libel) (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)

**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
      Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/ Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open book accounts) (09)
      Collection Case—Seller Plaintiff
      Other Promissory Note/Collections Case
   Insurance Coverage *(not provisionally complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
   Eminent Domain/Inverse Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court Case Matter
      Writ–Other Limited Court Case Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of County)
      Confession of Judgment *(non-domestic relations)*
      Sister State Judgment
      Administrative Agency Award *(not unpaid taxes)*
      Petition/Certification of Entry of Judgment on Unpaid Taxes
      Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-harassment)*
      Mechanics Lien
      Other Commercial Complaint Case *(non-tort/non-complex)*
      Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
   Partnership and Corporate Governance (21)
   Other Petition *(not specified above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief from Late Claim
      Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

Superior Court of California, County of Orange

700 W. Civic Center Drive
Santa Ana, CA 92702

**PAYMENT RECEIPT**

**E-Filing Transaction #:** 4702783
**Receipt #:** 11957530

**Clerk ID:** jtorres  **Transaction No:** 12133725  **Transaction Date:** 04/04/2017  **Transaction Time:** 11:13:09 AM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2017-00912409-CU-BC-CJC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| | | | Sales Tax: | | $0.00 | |
| | | | Total: | $435.00 | Total Rem. Bal: | $0.00 |
| | | | E-Filing: | | $435.00 | |
| | | | Total Amount Tendered: | | $435.00 | |
| | | | Change Due: | | $0.00 | |
| | | | Balance: | | $0.00 | |

$45 will be charged for each returned check. www.occourts.org

**ORIGINAL**

Page: 1

Exhibit B, Page 30

# SUPERIOR COURT OF CALIFORNIA
ORANGE

700 W. Civic Center DRIVE

Santa Ana , CA 92702

(657) 622-6878

www.occourts.org

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2017-00912409-CU-BC-CJC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. Derek W. Hunt | Central Justice Center | C23 | (657) 622-6878 |
| **Hearing:** | **Date:** | **Time:** | |
| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
| Hon. | | | |

[ x ] ADR Information attached.

## SCHEDULING INFORMATION

| **Judicial Scheduling Calendar Information** |
|---|
| Individual courtroom information and the items listed below may be found at: www.occourts.org. <br><br> Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings. |
| **Ex Parte Matters** |
| Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing. |
| **Noticed Motions** |
| * The following local Orange County Superior Court rules are listed for your convenience: <br>   - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT. <br>   - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil) <br> * All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court. <br> * Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet. |
| **Other Information** |
| Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart. <br><br> All fees and papers must be filed in the Clerk's Office of the Court Location address listed above. |

Date:  04/04/2017

_Jeanette Torres-Mendoza_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

V3 INIT 100 (June 2004)

Exhibit B, Page 31

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLANTIFF: Lacy Faddoul | **May 09, 2017** |
| DEFENDANT: Volkswagen Group of America, Inc. et.al. | Clerk of the Superior Court<br>By: Elizabeth Perreault, Deputy |
| Short Title: Faddoul vs. Volkswagen Group of America, Inc. | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2017-00912409-CU-BC-CJC |

Please take notice that a(n), Case Management Conference  has been scheduled for hearing on 08/21/2017 at 08:30:00 AM in Department C23  of this court, located at  Central Justice Center .

Clerk of the Court,  By: _____ , Deputy

---

**NOTICE OF HEARING**                                                                                              Page: 1

Exhibit B, Page 32

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
|---|---|
| Central Justice Center<br>700 W. Civic Center DRIVE<br>Santa Ana 92701 | |
| **SHORT TITLE:** Faddoul vs. Volkswagen Group of America, Inc. | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>30-2017-00912409-CU-BC-CJC |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. The certification occurred at Santa Ana, California, on 05/09/2017. Following standard court practice the mailing will occur at Sacramento, California on 05/10/2017.

Clerk of the Court, by: _____ , Deputy

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS LLP
1801 CENTURY PARK EAST  # 9TH FLOOR
LOS ANGELES, CA 90067

THE WEST LAW FIRM
1600 HIGHWAY SIX  # 450
SUGARLAND, TX 77448